GLOBE YARN MILLS *v.* BILBROUGH *et al.*, (three cases.)

(*City Court of New York, General Term.* May 25, 1892.)

1. JURISDICTION OF CITY COURT—ACTION ON DRAFT—DOMESTIC PAYEE.
    Two drafts were drawn by defendants, nonresidents of the city of New York, in favor of plaintiff, a foreign corporation, on a firm doing business in New York city, and payable there; and a third draft, with same drawers and payee, was made payable in Troy, N. Y. *Held,* the place of payment in each case being within the state of New York, the city court of New York city had jurisdiction of actions on the drafts.

2. SAME—ACTION BY FOREIGN CORPORATION.
    In the absence of any provision of the Code of Civil Procedure that a foreign corporation shall have a place of business within the city of New York, the city court of that city has jurisdiction of an action by a foreign corporation, under section 1779, which provides that foreign corporations may sue in the same manner and subject to the same limitations as domestic corporations.

Appeal from special term.

Actions by the Globe Yarn Mills against William H. Bilbrough and others, (three cases.) From an order denying a motion to vacate a warrant of attachment, defendants appeal. Affirmed.

Argued before McGOWN and McCARTHY, JJ.

*Kneeland, Stewart & Epstein,* for appellants. *Eaton & Lewis,* for appellee.

McCARTHY, J. This is an appeal on part of defendants from an order denying a motion to vacate a warrant of attachment. The motion was made on the papers on which the attachment was granted. Actions No. 1 and No. 2 are on drafts made by the defendants in Cohoes, N. Y., to the order of the treasurer of the plaintiff, drawn on Gowing, Sawyer & Co., No. 63 Leonard street, New York city. It is conceded that the same was presented thereafter for acceptance, and same refused, and that notice of such nonacceptance was given to the defendants, and the drafts are unpaid; and action No. 3 was on a draft made in Cohoes, N. Y., and payable at Troy, N. Y. The plaintiff is a foreign corporation organized and existing under the laws of the state of Massachusetts, and the defendants are a domestic corporation, and doing business at Cohoes, in the state of New York. The appellants contend that this court has no jurisdiction, because neither the plaintiff nor defendants reside in nor have a place of business within the city of New York, and that the cause of action did not arise within the city of New York. It is claimed by respondent, and not denied by appellants, that summons and papers were properly served on defendants in pursuance of section 3170, Code Civil Proc. The cause of action arose within the jurisdiction of this court. Two of the drafts, although made in Cohoes, were addressed to a firm in New York city. The third was payable at city of Troy, within the state of New York. The rights of the parties are to be governed by the laws of the place of payment. Both places are within the state, and therefore this court has jurisdiction.

The principal contract sued on, although made in Cohoes, N. Y., was addressed to a firm legally resident in New York city, or doing business there, and the draft was consequently payable there; and upon general principles the jurisdiction of the court may be invoked in ascertaining its nature and

interpretations and the duties and liabilities which it created. By drawing the draft, the defendants undertook that the drawees in New York city would pay it to the plaintiff or its order, — that is, to any person to whom it should be indorsed; and that, if the drawees did not so pay it, they (the defendants) would make such payments. *Everett* v. *Vandryes*, 19 N. Y. 438; *Bank* v. *Lacombe*, 84 N. Y. 367. The drawer of a draft undertakes that the drawee will be found at the place where he is described to be, and that the sum specified will there be paid to the holder when the draft is presented, and, if not so paid, and he is notified, he becomes absolutely bound to pay the amount at the place named. See 84 N. Y. 379. Admitting that plaintiff is a foreign corporation, section 1779, Code Civil Proc., reads: "An action may be maintained by a foreign corporation in the manner and subject to the same regulations as where the action is brought by a domestic corporation, except otherwise specially prescribed by law." Section 3343, subd. 18, Code Civil Proc., among other things, defines "a domestic corporation to be a corporation created by or under the laws of the state." Section 315, Id., reads: "The jurisdiction of the city court of New York extends to the following cases: An action against a natural person, or against a foreign or domestic corporation, wherein the complaint demands judgment for a sum of money only, or to recover one or more chattels, with or without damages for the taking or detention thereof." There are no provisions of the Code of Civil Procedure which declare that, in order that this court shall obtain jurisdiction over a plaintiff domestic corporation, the same must have a place of business; nor does it fix any other limitations in order to entitle plaintiff to bring suit in this court. And, since section 1779, Id., gives a foreign corporation the right to sue in the same manner and subject to the same limitations as a domestic corporation, it follows that the plaintiff in this action is properly in court. In other words, this court has the same jurisdiction on this subject as the supreme court. The only provisions in regard to domestic corporations are section 264, which applies to superior city courts, and section 341, which applies to a county court. Section 3169, Code Civil Proc., has been fully complied with. From an examination of the various sections quoted it is very clear that this court has jurisdiction of the person or corporation as well as the subject-matter of the action. We think there is nothing in the objection to the sufficiency of the affidavits upon which the attachment was granted. The person who made the affidavits was the one who acted for the treasurer of the plaintiff, and conducted the negotiations, and completed the transactions with the defendants. He was not in a position of an attorney, but that of a principal. The facts were certainly within his personal knowledge, and under the authorities we think the affidavits were sufficient. Besides, wherever any statement was made on information and belief, the source of such information is fully and fairly stated. The orders appealed from should be affirmed, with costs.